The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion on the following question:
 Does the Freedom of Information Act apply to a discussion of an appointment of a member to a board or commission of a city in which the members of said board or commission receive no salary or compensation for their services, i.e., water and sewer commission, library board, etc.?
As a general matter, the fact that members of the board or commission receive no salary or compensation is irrelevant for purposes of determining whether a meeting is subject to the open meetings requirement of the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101et seq. (Repl. 1992 and Supp. 1995).[1] It is clear that all state and local governmental entities are subject to the FOIA. See A.C.A. §25-19-103(2) (Repl. 1992) (defining "public meetings" to include the meetings of "any bureau, commission, or agency of the state, or any political subdivision of the state . . . and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds.") See also A.C.A. §§ 25-19-106(a) and -107(a) (Repl. 1992).
With regard to the particular meeting in question, however, involving the appointment of a board member, the FOIA's exemption for personnel matters must be considered. Section 25-19-106(c)(1) provides that "[e]xecutive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." As a general matter, therefore, an executive, i.e., closed, session may be held in order to consider the appointment of a board member.[2] The appointment of a public official clearly falls within the exemption for personnel matters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] When considering state honorary boards or commissions, reference should be made to A.C.A. § 25-17-208 (Repl. 1992).
[2] There may be an exception, depending upon the particular entity in question. The boards of regional water distribution districts and regional wastewater treatment districts must meet in public and "shall at no time go into executive session." A.C.A. §§ 14-116-308(d) (1987) and14-250-110(d) (1987).